# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL DARNELL YATES, | ) | CASE NO. 5:19-cv-1769 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| TROY LEE YATES, | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Samuel Darnell Yates ("Yates") brings this action against Troy Lee Yates. (Doc. No. 1 ("Compl.").) Yates moves to proceed with this action *in forma pauperis* (Doc. No. 2), and that motion is granted.

For the reasons that follow, this case is dismissed.

## I. Background

Yates brings this action for breach of contract pursuant to 28 U.S.C. § 1332, diversity of citizenship, against Troy Lee Yates. Although difficult to discern, it appears that Yates was promised one-half ownership of certain real property in 2009, which he has not received. Yates asks this Court to require Troy Lee Yates to sign over half of his ownership in the property at issue to plaintiff. (Compl. at 4.[1])

---

[1] Page number references are to the page identification numbers generated by the Court's electronic filing system.

## II. Discussion

### A. Standard of Review

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Boag v. MacDougall,* 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam) (citing *Haines v. Kerner,* 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)); *see also Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (*pro se* complaints are entitled to liberal construction) (citations omitted). That said, the Court is not required to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to review all *in forma pauperis* complaints filed in federal court and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Moreover, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### B. Analysis

Federal courts are courts of limited jurisdiction and "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted). Generally speaking, the Constitution and Congress have given federal courts authority

over a case only when the action raises a federal question or when diversity of citizenship exists between the parties. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required.").

Yates brings this case pursuant to the Court's diversity jurisdiction. Diversity jurisdiction is applicable to cases of sufficient value between citizens of different states. 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must show that he is a citizen of one state and all the defendants are citizens of other states.

There are no allegations in the complaint from which this Court may infer the existence of diversity jurisdiction. Yates does not provide citizenship information regarding himself or Troy Lee Yates, but lists the address of both in Akron, Ohio. (*See* Compl. at 1-3.) A party seeking to bring a case into federal court bears the burden of establishing jurisdiction. *Boladian v. UMG Recordings, Inc.*, 123 F. App'x 165, 167 (6th Cir. 2005) (citations omitted). Even assuming the jurisdictional amount of $75,000.00 is satisfied, Yates has failed to establish that he and Troy Lee Yates are citizens of different states.

The Court, therefore, lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332. There being no other basis for the Court's subject matter jurisdiction apparent from the face of the complaint, this action is dismissed pursuant to § 1915(e)(2)(B) and Rule 12(h)(3). *See Carlock v. Williams*, 182 F.3d 916 (Table) (6th Cir. 1999) (when the face of the complaint provides no basis for federal jurisdiction, the action may be dismissed as frivolous and for lack of subject matter jurisdiction) (citing *Michigan Sav. & Loan League v. Francis*, 683 F.2d 957, 960 (6th Cir. 1982)).

### III. Conclusion

For all the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). Yates' motion to proceed *in forma pauperis* is granted (Doc. No. 2).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: December 12, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**